UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JULIET CONSTANTINE,

    Plaintiff,

v.

                                        Case No.:

AETNA LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Juliet Constantine, by and through undersigned counsel hereby files her Complaint against Defendant, Aetna Life Insurance Company, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Juliet Constantine ("Ms. Constantine"), is a citizen of the United States of America, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Aetna Life Insurance Company ("Aetna" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Ms. Constantine was employed with EverBank Financial Corp. as an underwriter. By virtue of her employment at EverBank Financial Corp., Ms. Constantine was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Constantine a monthly benefit in the event that she became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

*You meet the test of disability on any date that:*

> *You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related conditions; and*
>
> *Your earnings are 80% or less of your adjusted predisability earnings.*

8. Ms. Constantine suffers from a number of medical conditions, including but not limited to, cervical and lumbar spinal stenosis, sciatica, multi-level degenerative disc disease, chronic back pain, hypertension, headaches, gastroesophageal reflux disease, and prediabetes.

9. Ms. Constantine cannot perform the material duties of her own occupation, and is earning 80% or less of her adjusted predisability earnings. Ms. Constantine is disabled under the terms of the long-term disability policy.

10. Ms. Constantine was forced to discontinue working on July 28, 2017 due to her disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Ms. Constantine notified Defendant that she was disabled.

12. By letter dated March 15, 2018, Defendant denied Ms. Constantine's long-term disability benefits.

13. Ms. Constantine timely appealed Defendant's decision to deny her long-term disability benefits.

14. Defendant denied Ms. Constantine's appeal for long-term disability benefits via letter dated October 15, 2018.

15. Ms. Constantine exhausted her appeals under ERISA.

16. In denying Ms. Constantine's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

17. The denial of Ms. Constantine's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

18. Defendant's termination of Ms. Constantine's disability benefits breached the fiduciary duties owed to Ms. Constantine under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Constantine as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein and says further that:

19. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

20. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

21. Defendant has refused to pay the benefits sought by Ms. Constantine, ignoring the medical records and clear opinions of her physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

24. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

25. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Juliet Constantine, prays for a judgment against Defendant, Aetna Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 14th day of May 2019.*

>  */s/ Edward P. Dabdoub*
>  Edward Philip Dabdoub (FBN. 45685)
>  eddie@longtermdisability.net
>  DABDOUB LAW FIRM, P.A.
>  1600 Ponce de Leon Blvd., Suite 1205
>  Coral Gables, Florida 33134
>  Tel: (305) 754-2000
>  Fax: (305) 754-2007
>
>  *Attorneys for Plaintiff, Juliet Constantine*